UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA GARCIA-AMBROCIO, <br> Plaintiff. <br> v. <br> KIRSTJEN NIELSEN, et al., <br> Defendants. | Case No. 4:17-cv-07087-KAW <br><br> **ORDER TO SHOW CAUSE** <br> Re: Dkt. No. 1 |

Norma Garcia-Ambrocio Petitioner, who is in the custody of the Department of Homeland Security pending removal proceedings, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On April 1, 2016, Petitioner pled guilty to one count of Possession with Intent to Distribute and Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C), a felony. (Dkt. No. 1-1, Ex. G.) The U.S. District Court for the Central District of California sentenced Petitioner to 15 months in prison, which was a significant downward departure from the Sentencing Guidelines (approximately 33-41 months). On or about November 28, 2016, Petitioner was transferred from federal criminal custody to Department of Homeland Security ("DHS") custody and has been detained at West County Detention Facility in Richmond, California since that time. According to Petitioner, DHS has charged her with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an individual present in the United States without having been admitted or paroled. Petitioner has filed an application for asylum, and, on June 14, 2017, the immigration judge ("IJ") held a bond hearing at which DHS was required to establish by clear and convincing evidence that she was a flight risk or a danger to the community. The IJ found that

Petitioner was a danger to the community based on a 2009 DUI conviction and the methamphetamine conviction, and denied the request to be released on bond. Petitioner contends that the IJ failed to properly consider the abundance of evidence that indicated that she was not a danger to the community, and appealed the denial to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, and Petitioner challenges the IJ's decision and the BIA's affirmation on the grounds that the determination that she is a danger to the community was clear legal error.

## DISCUSSION

### A. Legal Standard

This court may entertain a petition for habeas corpus in behalf of a person "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). The court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims that her continued detention by Respondents violates her rights under the Due Process Clause of the Fifth Amendment. The BIA denied Petitioner due process by failing to apply the correct standard of dangerousness and by failing to meaningfully consider her evidence that she is not a danger.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2241 and merit an answer from respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.
2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.
3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

IT IS SO ORDERED.

Dated: February 9, 2018

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge